**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CHATHA TATUM,**

                            **Petitioner,**

          v.                                  CASE NO. 19-3228-SAC

**DAN SCHNURR,**

                            **Respondent.**

## ORDER OF DISMISSAL

This matter, a petition for habeas corpus filed under 28 U.S.C. § 2254, comes before the Court on respondent's motion to dismiss. For the reasons that follow, the Court grants the motion and dismisses the petition.

### Procedural background

Petitioner was convicted of first-degree murder and attempted first degree murder in the District Court of Wyandotte County. He is serving a "Hard 50", a term of life imprisonment without the possibility of parole for 50 years. The Kansas Supreme Court affirmed the convictions and sentence. *State v. Tatum*, 135 P.3d 1088 (Kan. 2006).

On June 11, 2007, petitioner filed a motion for post-conviction relief under K.S.A. 60-1507. The state district court denied relief, and the Kansas Court of Appeals (KCOA) affirmed. *Tatum v. State*, 353 P.3d 470 (Table); 2015 WL 4486775 (Kan. App. Jul. 17, 2015), *rev. denied*, Feb. 18, 2016.

Later in 2016, petitioner filed a second action under K.S.A. 60-1507. The district court summarily denied relief, and the KCOA affirmed the decision. *Tatum v. State*, 423 P.3d 1065 (Table), 2018

WL 4039222 (Kan. App. Aug. 24, 2018), *rev. denied*, Sep. 27, 2019.

On November 1, 2019, petitioner filed the instant petition.

### Analysis

A petition filed under § 2254 is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). This limitation period generally runs from the date the judgment becomes "final". 28 U.S.C. § 2244(d)(1)(A). Under Supreme Court case law, "direct review" of a state court judgment does not end until the availability of appeal to the state courts and request for review by the U.S. Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Under the Rules of the Supreme Court, a prisoner has ninety days from the conclusion of direct appeal to seek certiorari. U.S. S. Ct. R. 13.1. "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003)(internal quotations omitted). The one year limitation period begins to run the day after a conviction becomes final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n. 6 (10th Cir. 2011).

The statute also contains a tolling provision:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable

tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id.*

Petitioner's conviction was decided by the Kansas Supreme Court on June 9, 2006. *State v. Tatum*, 135 P.3d 1088 (Kan. 2006). The one-year limitation period for filing a petition under § 2254 began to run on September 7, 2006, at the end of the time in which petitioner could seek review in the U.S. Supreme Court. The limitation period ran until June 11, 2007, when petitioner filed his first post-conviction motion under K.S.A. 60-1507, which tolled the limitation period. At this point, 277 days had run on the one-year limitation period.

The state district court denied relief, and the KCOA affirmed the decision on July 17, 2015. The Kansas Supreme Court denied review

on February 18, 2016. The limitation period resumed running on the following day.

The motion to dismiss states that petitioner filed his second motion under K.S.A. 60-1507 on May 11, 2016, tolling the limitation period with 5 days remaining. The district court summarily denied relief, the KCOA affirmed on August 24, 2018, and the Kansas Supreme Court denied review on September 27, 2019. The limitation period began to run again on the following day. Respondent argues that the limitation period expired on October 2, 2019, and asserts the petition was filed outside the one year limitation period.

In his reply (Doc. 14), however, petitioner counters that he delivered the motion to his counselor for placement in the mail on March 29, 2016. In support, he produces a Kansas Department of Corrections account withdrawal form dated March 24, 2016. The form shows a withdrawal of $6.80 was approved on March 29, 2016, for a mailing addressed to the Clerk of the Wyandotte County District Court.

In considering petitioner's argument, the Court has obtained copies of the materials filed in the District Court of Wyandotte County on May 11, 2016, namely, petitioner's affidavit of truth in support of habeas corpus ("affidavit") and motion to proceed in forma pauperis. The affidavit was signed on March 24, 2016, but the certificate of service does not contain a date showing when it was mailed.[1] The motion to proceed in forma pauperis, however, shows it was notarized on April 19, 2016, and the certificate of service

---

[1] A copy of the page showing petitioner's signature and the certificate of service is attached.

contains the same date. A handwritten notation on the motion shows it was approved by the state district judge on May 10, 2016.[2] Both documents were filed in the District Court of Wyandotte County on May 11, 2016.

A review of these materials persuades the Court that petitioner cannot show, based upon a request for legal postage, that his affidavit and motion to proceed in forma pauperis were mailed on March 29, 2016. The request for postage does not identify the specific items for mailing, nor does it show when the documents actually were submitted to the prison's mail system for mailing. The certificate of service in the affidavit is silent as to the mailing date, while the certificate of service for the motion to proceed in forma pauperis is dated April 19, 2016. If the Court accepts that date as the proof of mailing, it follows that sixty days ran on the limitation period between February 19, 2016, and April 18, 2016, leaving twenty-eight days on the limitation period. Under this scenario, the limitation period began to run again on September 28, 2019, and expired on October 25, 2019. Petitioner's reliance on the date he requested legal postage is insufficient to defeat the timeline shown by the state court pleadings.

## Conclusion

For the reasons set forth, the Court concludes the petitioner's second post-conviction motion was mailed to the state district court no earlier than April 19, 2019. Under that timeline, the petitioner's

---

[2] A copy of the motion showing the petitioner's signature, notarization, and certificate of service is attached.

federal habeas petition, executed on November 1, 2019, was not filed within the one-year limitation period and must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED respondent's motion to dismiss (Doc. 8) is granted.

IT IS FURTHER ORDERED petitioner's motion to amend the petition (Doc. 13) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 26th day of August, 2020, at Topeka, Kansas.

> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge