**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHATHA TATUM,**

                **Petitioner,**

      **v.**                                          **CASE NO. 19-3228-SAC**

**DAN SCHNURR,**

                **Respondent.**

## O R D E R

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On August 26, 2020, the Court granted respondent's motion to dismiss based upon petitioner's failure to file this action within the governing one-year limitation period. Petitioner has filed a motion to reconsider (Doc. 17), a motion for certificate of appealability (Doc. 18), a motion to appoint counsel (Doc. 23), and a motion to proceed on appeal in forma pauperis (Doc. 26).

**The motion for reconsideration**

Petitioner filed this motion on September 6, 2020, approximately ten days after the dismissal of the petition. Under the Local Rules of the District of Kansas, "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. R. 7.3(a). Because the motion was filed within twenty-eight days of the order of dismissal, it is treated as a motion to alter or amend under Rule 59(e). *See* Fed. R Civ. P. 55(e)("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").

Under Fed. R. Civ. P. 59(e), the Court may alter or amend judgment on the following grounds: (1) an intervening change in controlling

law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)(citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

The Court has reviewed petitioner's motion but finds no grounds to grant relief. For the reasons set out in the order of dismissal, the Court concludes the materials submitted by the petitioner do not establish that he timely submitted the petition.

### Certificate of Appealability

Petitioner also moves for a Certificate of Appealability. Rule 11 of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

Where, as here, the Court's decision is based on a procedural ground, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes the present record does not warrant the issuance of a certificate of appealability. The dismissal is based upon procedural grounds, and although petitioner presents some evidence concerning the timing of his state post-conviction action, the record as a whole does not clearly support a finding that

petitioner filed this action within the governing limitation period. The Court concludes the ruling that petitioner failed to timely file this matter is not reasonably debatable.

### Motion to appoint counsel

Petitioner next moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

Because this matter was not timely filed, the Court concludes the appointment of counsel is not warranted.

### Motion to proceed in forma pauperis

Petitioner moves for leave to proceed on appeal in forma pauperis. The Court has examined the financial records submitted in his original motion to proceed in forma pauperis and grants the motion. Petitioner's motion for an extension of time to pay the filing fee will be denied as moot.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for

reconsideration (Doc. 17) is construed as a motion to alter or amend the judgment and is denied.

IT IS FURTHER ORDERED petitioner's motion for a Certificate of Appealability (Doc. 18) is denied.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 23) is denied.

IT IS FURTHER ORDERED petitioner's motion to proceed on appeal in forma pauperis (Doc. 26) is granted. His motion for an extension of time to pay the filing fee (Doc. 27) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 21st day of October, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judg