IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHATHA M. TATUM,

　　Petitioner,

　　v.   Case No. 19-3228-SAC

TOMMY WILLIAMS,

　　Respondent

# ORDER

　　This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Respondent filed an Answer and Return on June 2, 2022, and petitioner's traverse is pending. Petitioner has been granted two 30-day extensions of time, and on September 8, 2022, the court granted an extension of one week, to and including September 19, 2022. Petitioner was advised no additional extension would be allowed.

　　On September 14, 2022, petitioner filed three motions for reconsideration (Docs. 64-66). In the first, he asserts the court erred in stating that he is not proceeding in forma pauperis and claiming he paid the "indigent fee" of $5.00 at the commencement of this action. In the second, he seeks reconsideration of the court's denial of a copy of the trial record. And in the third, he requests an additional 30-day extension of time. On September 15, 2022, petitioner filed a motion for recusal and a motion for lodgement of the record.

　　The court has considered these motions and finds as follows. Petitioner's first motion for reconsideration asserts that he is proceeding in forma pauperis and that he paid the "indigent fee" of $5.00. Petitioner is mistaken; the statutory filing fee for a habeas corpus petition is $5.00. 28 U.S.C. § 1914(a). His motion to proceed in forma pauperis was denied due to his payment of the filing fee. He later was granted leave to proceed on appeal in forma pauperis.

Petitioner's second motion for reconsideration asks the court to reconsider the denial of access to the state court records supplied to the court by the respondent. The court denies this request. Petitioner appears to be sufficiently familiar with the record to present his claims, and the court will conduct an independent review of the record in ruling on the merits of this action. Finally, a traverse is not the proper vehicle to present new issues. *United States v. Moya-Breton*, 439 F. App'x 711, 715 (10th Cir. 2011); United States v. Harrell, 642 F.3d 907, 918 (10th Cir. 2011) ("Arguments raised for the first time in a reply brief are generally deemed waived.") Petitioner has not shown a need for the record sufficient to warrant the extraordinary access he seeks.

Petitioner's third motion for reconsideration seeks additional time to file a traverse. The court will grant petitioner a final two-week extension to file the traverse.

Petitioner's motion to recuse alleges partiality in the court's rulings. In particular, he points to the number of extensions allowed the respondent for filing an Answer and Return in this matter, and he seems to assert that he must be allowed an equal period of time to file a traverse.

Two statutes govern judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under §144, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). The facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*. Without an affidavit showing bias or

prejudice and proper identification of events indicating a personal and extrajudicial bias, a movant does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source – a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005)(citing *Liteky*, 510 U.S. at 554-55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgments impossible." *Id*. (quoting *Liteky*, 510 U.S. at 555).

The court finds no grounds support recusal. There simply is no right to equal time for filing a reply. The Attorney General supported its requests by showing the considerable number of actions pending in its caseload, and the filing of an Answer and Return in a habeas corpus action is considerably different than the filing of a reply, which, as noted, is not to be used to present new argument. Rule 5(e) of the Rules Governing Section 2254 Cases provides, "The petitioner may file a reply to the respondent's answer or other pleading. The judge must set the time to file unless the time is already set by local rule." This court's actions comply with this rule.

Finally, petitioner's moves for a lodgement of the record. The motion appears to be a request to have the state court record transferred to a place where petitioner would have access. The court will deny this request. Petitioner makes only a bare allegation that a miscarriage of justice will occur if he is not granted the access he seeks.

THE COURT THEREFORE ORDERS that petitioner's first motion for reconsideration (Doc. 64) is denied; his second motion for reconsideration (Doc. 65) is denied; his third motion for reconsideration (Doc. 66) is granted, in part, to allow him a final, additional two-week period to file a traverse; his motion to recuse (Doc. 67) is denied; and his motion for lodgement of the record (Doc. 68) is denied.

THE COURT FURTHER ORDERS that petitioner is granted to and including **October 4, 2022**, to file the traverse.

IT IS SO ORDERED.

Dated: September 19, 2022         /s/ Sam A. Crow
                                  SAM A. CROW
                                  UNITED STATES DISTRICT JUDGE