IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHATHA M. TATUM,

                             Petitioner,

      v.                                          CASE NO. 19-3228-JWL-JPO

TOMMY WILLIAMS,

                             Respondent.

**MEMORANDUM AND ORDER**

      Petitioner Chatha M. Tatum, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 2, 2019. (Doc. 1.) On October 31, 2022, the Court issued a memorandum and order denying relief. (Doc. 76.) On November 23, 2022, Petitioner filed the motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) that is currently before the Court. (Doc. 80.) The Court liberally construes the motion, as is appropriate since Petitioner proceeds pro se. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). But "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

      The Court may grant a motion to amend judgment under Rule 59(e) only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) relief is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

      The Court has carefully considered the motion now before it and the arguments Petitioner makes therein. Liberally construing the motion, Petitioner appears to argue that the Court

misunderstood his position in this matter to "combine[] the ineffective assistance of counsel [claim] with the prosecutorial misconduct issue." (Doc. 80, p. 21.) If the Court had materially misunderstood Petitioner's claims, Rule 59(e) relief might be appropriate. *See Servants of the Paraclete*, 294 F.3d at 1012. In this matter, however, the Court did not do so.

The order denying relief discussed the claims of prosecutorial misconduct and of ineffective assistance of counsel together because Petitioner alleged that ineffective assistance of counsel was the cause for his procedural default of his claim of prosecutorial misconduct. (Doc. 76, p. 11-16.) As explained in the order denying relief, this meant that this Court was required to address ineffective assistance of counsel to determine whether this Court could address the merits of the procedurally defaulted claim of prosecutorial misconduct. *Id.* In addition, the Court separately addressed an independent claim of ineffective assistance of counsel. *Id.* at 16. Thus, to the extent that Petitioner argues that the Court improperly combined his ineffective assistance of counsel and prosecutorial misconduct issues, the Court is not persuaded.

Much of the remainder of the motion merely restates portions of Petitioner's traverse, arguments from his state-court briefs, and portions of this Court's order denying relief. (*Compare* Doc. 80, p. 2-9 *with* Doc. 70, p. 2-9; *compare* Doc. 80, p. 10-11 *with* Doc. 76, p. 8-11.) In addition, Petitioner argues in support of the merits of his claims for habeas relief and expresses his disagreement with various conclusions the Court reached in the order denying relief. (Doc. 80, p. 13-24.) He does not, however, identify an intervening change in the controlling law that has occurred since the Court denied relief. He does not offer new evidence that could not have been obtained through the exercise of due diligence prior to the Court's order denying relief. He does not establish the need to correct clear error or prevent manifest injustice.

Other than the argument discussed above, the motion now before the Court either repeats arguments Petitioner has already made or makes for the first time arguments he could have made earlier. As the Tenth Circuit has explained, "a Rule 59(e) motion isn't the appropriate vehicle in which to advance for the first time 'arguments that could have been raised earlier' in the proceedings." *Eaton v. Pacheco*, 931 F.3d 1009, 1028 (10th Cir. 2019). In other words, when

2

considering a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Thus, Petitioner has not met the standard for altering or amending a judgment under Rule 59(e). His motion to alter or amend the judgment (Doc. 80) is therefore denied.

**IT IS THEREFORE ORDERED** that the motion to alter or amend judgment (Doc. 80) is **denied**.

**IT IS SO ORDERED.**

DATED:   This 29th day of November, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge