IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHATHA M. TATUM,

                              Petitioner,

        v.                                                 CASE NO. 19-3228-JWL-JPO

TOMMY WILLIAMS,

                              Respondent.

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's motion for certificate of appealability (Doc. 82) and his motion for leave to proceed on appeal in forma pauperis (Doc. 84).

Petitioner has submitted financial information that demonstrates his inability to pay the required appellate fees. (Doc. 84-1.) He also has sufficiently demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *See McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 812 (10th Cir. 1997) (citations omitted) (setting forth standard for request to proceed in forma pauperis on appeal). Thus, the motion to proceed on appeal in forma pauperis (Doc. 84) will be granted.

Turning to Petitioner's motion for a certificate of appealability, Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253(c)(2). For claims denied on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1] For claims denied on

---

[1] In his motion for certificate of appealability, Petitioner quotes, without citation, from *Barefoot v. Estelle*, 463 U.S.

1

procedural grounds, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* . . . whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

In its October 31, 2022 order denying relief, the Court declined to issue a certificate of appealability in this matter with respect to either its procedural decisions or those decisions made regarding the merits of Petitioner's claims. (Doc. 76, p. 24.) The Court has carefully considered the arguments Petitioner makes in his current motion for certificate of appealability and maintains its prior conclusion that there are no grounds to grant a certificate of appealability in this matter. To the extent that Petitioner explicitly incorporates arguments from his earlier motion to alter or amend the judgment (Doc. 80) in an attempt to demonstrate that reasonable jurists would find the Court's assessment of Petitioner's constitutional claims debatable or wrong, the Court has previously rejected those arguments and finds them no more persuasive now. (*See* Doc. 82, p. 2 (incorporating previous arguments).)

The remainder of Petitioner's motion for certificate of appealability largely repeats his prior arguments to this Court and the state courts and asserts that reasonable jurists would find this Court's conclusions--procedural and on the merits--debatable or wrong. Even liberally construing the motion, as is appropriate since Petitioner proceeds pro se, the Court is not persuaded that reasonable jurists would find its assessment of the merits of Petitioner's constitutional claims to be debatable or wrong, nor that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings.[2]

---

880, 893 n.4, 894 (1983), which established what a federal habeas petitioner must show in order to obtain "a certificate of probable cause to appeal." (Doc. 82, p. 2.) In federal habeas matters such as this one, in which the appellate process begins after the effective date of the Antiterrorism and Effective Penalty Act of 1996 (AEDPA), "post-AEDPA law governs the right to appeal." *See Slack*, 529 U.S. at 473. Accordingly, the standards Petitioner quotes in his motion are inapplicable here.

[2] The determination that a certificate of appealability is not warranted does not affect this Court's decision to grant leave to proceed on appeal in forma pauperis. *See Hayes v. Bear*, 739 Fed. Appx. 930, 931-32 (10th Cir. June 28, 2018) (unpublished) (citing cases and explaining that the "burden for a certificate of appealability 'is considerably higher' than the burden of 'good faith' for leave to proceed in forma pauperis").

**IT IS THEREFORE ORDERED** that Petitioner's motion for certificate of appealability (Doc. 82) is **denied**. It is further ordered that Petitioner's motion for leave to appeal in forma pauperis (Doc. 84) is **granted**.

**IT IS SO ORDERED.**

DATED:   This 27th day of December, 2022, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge