IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHATHA M. TATUM,

                Petitioner,

     v.                              CASE NO. 19-3228-JWL-JPO

TOMMY WILLIAMS,

                Respondent.

## MEMORANDUM AND ORDER

      This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court denied relief on October 31, 2022, and Petitioner is pursuing an appeal with the Tenth Circuit. Before the Court is Petitioner's motion to appoint counsel. (Doc. 91.)

      Petitioner filed his notice of appeal on December 23, 2022. (Doc. 83.) "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (quoting *Griggs*). The district court, however, retains limited jurisdiction over "collateral matters not involved in the appeal." *Garcia v. Burlington Northern R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987). The Tenth Circuit has characterized a motion for appointment of counsel as concerning a collateral matter properly considered by a federal district court even when filed after a notice of appeal. *West v. Ortiz*, 2007 WL 706924, *5 n.5 (10th Cir. Mar. 9, 2007) (unpublished). Thus, this Court has jurisdiction to consider and decide the present motion.

      As Petitioner acknowledges, he has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary*

1

*Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

Petitioner first points out that his Court did not reach the merits of Ground One of his habeas petition because he could not overcome the fact that he had procedurally defaulted the claim in state court. He argues that "[h]ad the issue been properly presented to the court the merits of that issue would have warranted relief to Mr[.] Tatum." (Doc. 91, p. 2.) Even liberally construing the pro se motion for appointment of counsel, this appears to argue that counsel would have been helpful during the pendency of his habeas petition in this Court, not that the interests of justice require the appointment of counsel to assist in Petitioner's appeal.

Next, Petitioner notes that in its order denying relief, the Court described Petitioner's claims of prosecutorial misconduct an ineffective assistance of counsel as "complex." *Id.*; *see also* (Doc. 79, p. 11). Petitioner then alleges that he sufficiently established in this habeas proceeding that his Fourteenth Amendment rights were violated in the state courts. (Doc. 91, p. 2.) Petitioner is correct; his claims are complex, which weighs in favor of appointing counsel.

Finally, Petitioner contends that his incarceration limits his ability to investigate the facts underlying his claims. *Id.* at 2. Since this matter is currently on appeal, the Court sees no need for additional factual investigation. To the extent that Petitioner appeals this Court's decisions on the merits of his federal habeas claims, "review under § 2254(d)(1) is limited to the record that was

before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). To the extent that Petitioner appeals this Court's conclusions involving claims that were not adjudicated in the state court on their merits, the Court similarly sees no need for further factual development. The record before this Court when it ruled on Petitioner's claims has been transmitted to the Tenth Circuit Court of Appeals.

After carefully considering the merits of Petitioner's claims, the nature and complexity of the factual and legal issues, and Petitioner's ability to conduct the necessary investigation of the facts and to present his claims on appeal, the Court concludes that the interest of justice does not require appointment of counsel for appellate purposes.

**IT IS THEREFORE ORDERED** that Petitioner's motion for appointment of counsel (Doc. 91) is **denied**. Copies of this order shall be transmitted to Petitioner and to the Clerk of the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED:   This 4th day of January, 2023, at Kansas City, Kansas.

S/ James P. O'Hara

JAMES P. O'HARA
United States Magistrate Judge